# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RODERICK MAXWELL**                                              **PETITIONER**

VS.                    No. 4:23-CV-01188 JM/PSH

**DEXTER PAYNE, DIRECTOR,**
Arkansas Division of Correction ("ADC")                           **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Roderick Maxwell ("Maxwell") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Maxwell is in ADC custody as a result of his April

2022 guilty plea in Pulaski County to sexual assault in the fourth degree. Maxwell was sentenced to 60 months' probation. In July of 2022, a petition to revoke his probation was filed. In March of 2023, Maxwell entered a negotiated plea of guilty to violating the terms of his probation and was sentenced to thirty-six months' imprisonment. Maxwell did not appeal his original conviction or the judgment revoking his probation. He did file a motion to dismiss in Pulaski County Circuit Court in June 2023.

On December 14, 2023, Maxwell filed this federal habeas corpus petition, alleging as his sole claim for relief his actual and factual innocence. For supporting facts he cites "no DNA evidence used" and "conviction based on hearsay testimony." Doc. No. 2, page 5. For relief, Maxwell seeks dismissal of the charges and clearing of his record. *Id.* at 15. Maxwell is challenging the original conviction, not the revocation proceeding.[1]

**Statute of Limitations**

Respondent Dexter Payne ("Payne") contends the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one-year period of limitation on petitions for writ of habeas corpus:

---

[1] Parole revocation does not reset the federal deadline for challenging the underlying conviction and sentence. *See White v. Minnesota*, 2015 WL 5672984 (D. Minn. Sept. 23, 2015); *Green v. Warden*, 2012 WL 5463830 (E.D. La. Oct. 1, 2012); *Romious v. Louisiana*, 2016 WL 8309675 (E.D. La. Oct. 20, 2016); and *Turner v. Kentucky State Reformatory*, 2017 WL 3754644 (E.D. Ky. Aug. 9, 2017).

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Maxwell should have filed his federal habeas petition on or before June 3, 2023 in order to comply with the timeliness provisions of 28 U.S.C. § 2244.  Specifically, Payne calculates Maxwell's conviction became final thirty days after the entry of judgment on May 4, 2022.  Payne calculates Maxwell's federal habeas petition was filed more than six months after the limitations period expired.  Payne urges that Maxwell's failure to act sooner is fatal to the petition.

The Court notified Maxwell of his opportunity to explain why his petition was timely. Doc. No. 8. Maxwell, in response, faults two state court judges and two public defenders for failing to inform him of his duty to file this petition within one year after his conviction became final.

Initially, the Court finds that Payne is correct - Maxwell's conviction became final on June 3, 2022, thirty days after the entry of judgment based on Maxwell's guilty plea. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015); Ark. R. App. P. – Crim. 2(a). A timely federal habeas petition should have been filed on or before June 3, 2023. Since no postconviction petition was filed, the limitation period was not statutorily tolled. *See* 28 U.S.C. § 2244(2). Maxwell filed a motion to dismiss with the trial court on June 16, 2023. Doc. No. 7-5. This motion, even if construed as a post-conviction petition, does not statutorily toll the limitation period because it was filed after the period had elapsed. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Thus, the limitations period expired, as Payne calculated, more than six months prior to Maxwell's December 2023 filing of his habeas corpus petition. This does not end the analysis, however, since the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are

responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

As previously noted, Maxwell claims ignorance of the law and faults the state court judges and attorneys for failing to inform him of the time constraints as an excuse for failing to file a timely habeas petition. This argument fails. "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. *See e.g., Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999) (noting that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"), *cert. denied,* 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001)." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003). Maxwell's ignorance of the statute of limitations does not constitute an extraordinary circumstance beyond his control that made it impossible for him to file a timely habeas petition. And he does not allege conduct on the part of the state that lulled him into inaction. Under these circumstances, there is no basis for equitable tolling of the statute of limitations.

Maxwell also alleges "actual and factual innocence" to committing sexual assault in the fourth degree. Doc. No. 2, page 5. This assertion does not equitably

toll the limitation period. The Supreme Court, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, Maxwell must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Court went on to set the standard now required of Maxwell; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This demanding standard is difficult to meet, especially here, where Maxwell originally entered a guilty plea. And he does not offer the "new reliable evidence" envisioned in *Schlup v. Delo, supra*. As a result, Maxwell fails to establish actual innocence as a pathway to defeating the limitations period.

7

None of the reasons advanced by Maxwell equitably toll the limitations period. Coupled with the absence of any statutory tolling, the limitation period expired months before Maxwell filed this habeas corpus petition. Accordingly, the Court recommends that the petition be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it is recommended that the certificate of appealability be denied.

IT IS SO RECOMMENDED this 5th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE